IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| PETER WILLIAM HARPER,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, et al.,<br><br>Respondents. | Cause No. CV 15-30-H-DLC-JTJ<br><br>FINDINGS AND<br>RECOMMENDATION OF UNITED<br>STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Peter William Harper's application for writ of habeas corpus under 28 U.S.C. § 2254. Harper is a state prisoner proceeding pro se and in forma pauperis. For the reasons set forth below, the petition should be dismissed.

**I.  Background**

In 1996, a jury in the First Judicial District Court, Lewis and Clark County, convicted Harper of felony criminal possession of dangerous drugs and two misdemeanor charges. *See State v. Harper*, 943 P.2d 1255 (Mont. 1997). Harper was also designated a persistent felony offender. The trial court sentenced Harper to "consecutive prison sentences totaling thirty-one years, with ten suspended." *Harper*, 943 P.2d at 1256-57. The Montana Supreme Court upheld Harper's conviction and sentence on appeal. *Id*. at 1257. In a later opinion, the Court

1

clarified that Harper's sentence was: a five-year commitment to the Department of Corrections for the felony drug charge, a six-month commitment for each of the misdemeanors, and a twenty-five year commitment for persistent felony offender designation. Ten years were suspended, and all the sentences were to run consecutively. *See Harper v. Montana First Judicial District Court*, No. OP 14-0362 (Order filed July 29, 2014).

In 2011, Harper filed a petition for writ of habeas corpus, claiming his 1996 conviction was illegal. *See Harper v. State*, No. DA 12-0106 (Order filed Dec. 19, 2012). The trial court construed his filing as a petition for postconviction relief and determined that his petition was time barred under Montana Code Annotation § 46-21-102(1). The Montana Court affirmed this decision and found that the trial court had correctly interpreted and applied the statutory bar. *Id*. at ¶ 4.

After the State filed a petition to revoke and the trial court imposed a ten-year commitment to the Department of Corrections with five years suspended, Harper again filed for a writ of habeas corpus in the state court. He argued, in part, that, based upon newly discovered evidence, his sentence exceeded the statutory maximum. *Harper v. State*, No. OP 12-0107 (Order filed April 24, 2012). The Court noted that Harper had originally been sentenced to "30 years with 10 years suspended for a persistent felony offender (PFO) designation based upon an underlying felony conviction of criminal possession of dangerous drugs" and that

2

he was sentenced for an additional year to be served consecutively for the misdemeanor drug related charges. *Id*. at 1. Because Harper identified no newly discovered evidence indicating that his persistent felony offender sentence exceeded the statutory maximum of 100 years, the Court deemed his sentence valid and denied his petition. *Id*. at 2.

Harper had completed his prison term on the above-referenced revocation and was serving the five year suspended portion when he was revoked for a second time. Harper again sought relief from his sentence via a petition for writ of habeas corpus. *Harper v. Montana First Judicial District Court*, No. OP 14-0362 (Order filed July 29, 2014). Upon revocation, the trial court committed Harper to the Department of Corrections for five years, his remaining suspended time. Citing recent Montana cases, Harper argued that his original 1996 sentence was facially invalid. *Id*. at 2. The State conceded this point, acknowledging that the persistent felony offender sentence should replace and not add to the underlying felony sentence. The State recommended that Harper's case be remanded for resentencing. *Id*. The Court concluded Harper's sentence was facially invalid and remanded to the trial court for the correction of his sentence. *Id*.

On October 1, 2014, Harper was resentenced by the trial court. *See Harper v. Kirkegard*, No. OP 15-0144 (Order filed March 18, 2015). His three prior judgments were amended. For the 1996 sentence, Harper was designated a

persistent felony offender for the offense of criminal possession of dangerous drugs, and he received a single sentence: commitment to the Department of Corrections for 30 years with ten years suspended. *Id*. at 2. The trial court amended the 2012 revocation sentence to read that Harper was designated a persistent felony offender for the offense of criminal possession of dangerous drugs. He was sentenced to the Department of Corrections for ten years with five suspended. *Id*. Finally, the 2014 amended judgment also designated Harper a persistent felony offender for the offense of criminal possession of dangerous drugs and imposed a five-year commitment to the Department of Corrections. *Id*.

Harper then filed yet another petition for a writ of habeas in state court. The petition set forth grounds for relief similar to those he raises before this Court: that he is relying upon newly discovered evidence/a change in the law; that the double jeopardy, due process, and ex post facto clauses were violated; that he should have been indicted by a grand jury; and that his new sentence constitutes a "violation" because the possession charge that was "expired" then " 'combined' with the state's ILLEGAL sentence." *Id.* at 2-3.

The Montana Supreme Court was not persuaded by Harper's argument that he should have been indicted by a grand jury, noting that in Montana "a felony prosecution is typically initiated by the prosecutor filing an application for leave to file the information together with an affidavit identifying evidence demonstrating

4

probable cause that the named defendant has committed an offense." *Id*. at 3. The filing of the order granting leave to file the information triggers state prosecution, and this procedure is specifically provided for by statute. *Id*. (citing Mont. Code Ann. §§ 46-11-101, -201). By granting leave to file, the trial judge simply determined that probable cause existed for the State to file of charges; the judge did not decide whether Harper was guilty. *Id*.

The appellate court also found Harper's sentence was not illegal and he was not entitled to immediate release. *Id*. Harper's 1996 sentence had been corrected by the trial court's 2014 amended judgment, and there was no "combining" of sentences. Contrary to Harper's contention, following the amendment, he only received one sentence for the drug possession; there was no additional sentence for the persistent felony offender designation. *Id*. When Harper's sentence was revoked in 2012 and 2014, respectively, the court revoked only the suspended portion of the sentence pursuant to Montana Code Annotated § 46-18-203(7)(c) (1995). *Id*. Finally, the Court found that Harper was restricted in the scope of his requested relief because Montana statute provides that habeas relief is not available to one attacking the legality of an order revoking a suspended sentence. *Id*.

Harper filed his federal habeas petition on April 9, 2015. Pet. at 6; *Houston v. Lack*, 487 U.S. 266, 270-71 (1988).

## II. Analysis

Harper sets forth the following claims in support of his petition:

1. the imposition and combining of two separate sentences is unlawful and he has not been under a lawful sentence since 1998 (Doc. 1 at 2, ¶ A.1);

2. the legal portion of his sentence is expired and/or discharged (*id*. at 2-3; ¶ B.2);

3. the original judgment was unlawfully altered sometime after it was originally entered to include a high restitution amount in violation of the ex post facto clause (*id*. at 3-4; ¶ C);

4. a miscarriage of justice has transpired by combining the expired five year drug possession charge with the 15 year persistent felony offender charge, leaving an invalid suspended ten year portion of the sentence (*id*. at 4, ¶ D.4);

5. his due process and double jeopardy rights were violated when he was denied appellate counsel and transcripts from the sentencing hearing (*id*. at 5, ¶ E.5);

6. the trial court violated Montana law by failing to timely enter the written judgment and by imposing a Department of Corrections sentence in excess of five years, allegedly constituting an ex post facto violation (*id*. at 6; ¶ E.6); and

7. it was unlawful for his original charges not to be initiated by a grand jury (*id*. at 6; ¶ G.7; *see also* Doc. 1-1).

### A. Claims 1 and 2

A federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (per curiam). Federal habeas corpus relief is not available for errors in the application

of state sentencing laws absent a showing of fundamental unfairness. *See Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994) ("absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief"). However, a state court's arbitrary disregard of state sentencing law and imposition of an unauthorized sentence may violate the defendant's due process rights. *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980).

Harper does not set forth a constitutional violation. Instead, he asserts that, because he completed the custodial portion of his sentence in 1998, the "legal sentence has been served, discharged." (Doc. 1 at 2, ¶ A.1 13). According to Harper, once the Montana Supreme Court ordered the trial court resentence him, the trial court unlawfully combined the original possession charge (Count I) with the persistent felony offender charge (Count IV). Harper believes that this information constitutes newly discovered evidence. Harper does not discuss the suspended time he received or the impact that the two revocations had on his overall sentence. *Id.*

The Montana Supreme Court held that Harper is not incarcerated under an illegal sentence. *Harper v. Kirkegard*, No. OP 15-0144, Order at 3 (Mont. March 17, 2015). Contrary to Harper's contention, the Court found that "no sentences were combined" and that "Harper only required one sentence, for the possession

7

conviction, and not a separate sentence for the [persistent felony offender] designation." *Id*. The Court noted that the trial court had revoked the suspended portion of Harper's sentence in 2012 and 2014 pursuant to its statutory authority under Montana Code Annotated § 46-18-203(7)(c) (1995). *Id*.

This determination is supported by Montana law, and it is not subject to review by a federal court. *See Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002) ("[a] state court has the last word on interpretation of state law") (citations omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). This claim lacks merit, and this Court is without jurisdiction to consider it.

As a federal basis for this claim, Harper cites *U.S. v. Doyle*, 631 F. 3d 815 (6th Cir. 2011). This case does not stand for the proposition that Harper believes it does; it is inapplicable to the present petition. Claim 2 fails for the same reasons as claim 1, and it should be dismissed for lack of jurisdiction.

**B. Claim 3**

Harper asserts that the ex post facto clause was violated when restitution was included on a judgment that had been altered sometime after his original sentence was handed down. (Doc. 1 at 3-4). In support of this argument, Harper provides a portion of the "Judgment and Commitment" in Cause No. ADC 95-167, which

appears to have been filed in Lewis and Clark County on March 15, 1996. (Doc. 1-2). Specifically, Harper argues that the restitution provisions contained at page 3 of this document were inserted sometime between March of 1996 and May 2010. It also appears that the State filed a petition to revoke his sentence in May 2010 but subsequently withdraw the petition after Harper had paid the restitution in full. *Id*. at 4.

The Ninth Circuit has held that 28 U.S.C. § 2254 does not confer jurisdiction over a habeas corpus petition raising an in-custody challenge to a restitution order imposed as part of a criminal sentence. *Bailey v. Hill*, 599 F. 3d 976, 982 (9th Cir. 2010). Not only does this court lack jurisdiction to hear this claim, the claim is now moot, because, by Harper's own admission, the restitution was paid in full and the 2010 petition to revoke was dismissed. This claim should be dismissed.

### C. Claim 4

Harper again argues the trial court illegally "combin[ed]" his sentences. As set forth above, this Court is not persuaded by his argument and is without jurisdiction to hear it.

Harper next argues that it was a violation of the double jeopardy, ex post facto, and due process clauses for him to be placed at the Montana State Prison. Harper asserts that the trial court's original recommendation at sentencing was for a pre-release program. (Doc. 1 at 5). Harper contends that his current placement

9

constitutes an enhanced and increased punishment and is, therefore, unlawful.

While this Court accepts that the trial court may have recommended Harper be placed in a pre-release center, that recommendation was not binding on the Department of Corrections. Once Harper was in the Department's custody, it was free to place him wherever it deemed fit, including the Montana State Prison. Furthermore, Harper does not have a constitutional right to incarceration in a particular institution, *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976), or to a particular classification status, *Myron v. Terhune*, 476 F. 3d 716, 718 (9th Cir. 2007). This is true even when the facility is "substantially less agreeable" and effectuates a "'grievous loss' upon the inmate." *Moody v. Daggett*, 429 U.S. 78, 88, n. 9 (citing *Meachum*, 427 U.S. 215). Additionally, correctional officials are afforded deference in their decisions as they relate to the "ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 482-83 (1995). See also *Meachum*, 427 U.S. at 229 ("The federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the states."). Because there is no cognizable constitutional violation, this claim should be dismissed for lack of jurisdiction.

### D. Claim 5

Harper contends that his due process rights were violated following his resentencing. Apparently, Harper requested that counsel be appointed and that he

receive transcripts from the sentencing hearing. (Doc. 1 at 6, ¶ F.6). The Montana Supreme Court denied Harper's request. At that time, it was not clear whether the resentencing had actually taken place because the Court had not yet received the final judgment. *See Harper v. Kirkegard*, No. DA 14-0775 (Order filed December 24, 2014). For this reason, the Court deemed Harper's request premature. From the Montana Supreme Court docket, it appears that the Amended Judgment and Commitment was filed with the Court on December 30, 2014. *See* Ruling, *Harper v. Kirkegard*, No. DA 14-0775 (filed December 30, 2014). By his own admission, Harper did not receive the Amended Judgment until January 2015. (Doc. 1 at 6, ¶ F.6). Thus, when he filed his appeal, Harper had no judgment from which to appeal. The Court's decision, at that time, to deny counsel and not order production of the transcript was not "so arbitrary or capricious as to constitute an independent due process violation." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Furthermore, Harper was able to file his subsequent state habeas petition. *See Harper v. Kirkegard*, No. OP 15-0144 (Pet. filed March 9, 2015). Because Harper was present at his resentencing, he had first-hand knowledge of the trial court's reasons for imposing the sentence that it did. Accordingly, he did not need his hearing transcript to pursue his state or federal claims. *See, e.g., Lloyd v. VanNatta*, 296 F. 3d 630, 633-34 (7th Cir. 2002) (finding that petitioner's inability to receive trial transcripts did not prevent him from filing habeas petition where he

was present at trial and knew the factual basis of his habeas claim); *Glasser v. Bruton*, 255 F. 3d 492, 495 (8th Cir. 2001) (noting that while the court understood "petitioner's desire to have a transcript before filing" his habeas petition, possession "is not a condition precedent to the filing of such proceedings"). Harper's claim lacks merit and should be denied.

### E. Claim 6

Harper first alleges that his resentencing was unlawful because he did not receive the written judgment within 30 days of resentencing. Harper cites Montana Code Annotated § 46-18-116 in support of this argument. Even if Harper is correct that the trial court erred in timely entering a written judgment, he fails to cite to any federal constitutional right that was violated. Federal courts must entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 22 U.S.C. §2254(a). Without a federal basis, this court lacks jurisdiction to hear the claim.

Harper next contends that his resentence was a violation of Montana Code Annotated § 46-18-201(1) (A) and the ex post facto clause because "all but 5 yr [sic] DOC must be suspended." (Doc. 1 at 6, ¶ F.6). The Court believes that Harper intended to reference Montana Code Annotated § 46-18-201(3)(A), which deals with Department of Corrections commitments. Montana Code Annotated §

12

46-18-201(3)(A) reads in pertinent part: "all but the first 5 years of the commitment to the department of corrections must be suspended." *Id*. This statute, however, is inapplicable to Harper's claim because the original sentence that he seeks to challenge was not a Department of Corrections commitment but rather a prison sentence.

The statute that was in effect when the trial court originally sentenced Harper provides that a court, upon finding that a defendant has violated a term or condition of his suspended, may "revoke the suspension of sentence and require the defendant to serve either the sentence imposed or any lesser sentence." Mont. Code Ann. § 46-18-203(7) (c) (1995). When Harper was initially revoked in 2012, he still had ten years remaining on the suspended portion of his sentence. He received a ten-year commitment to the Department of Corrections with five years suspended. *See, e.g., Harper v. Montana First Judicial District Court*, No OP 14-0362, Order at 2 (filed July 29, 2014). He discharged the custodial term of that sentence and was serving the suspended portion when he was revoked again in 2014. *Id*. The trial court properly imposed a five-year commitment to the Department of Corrections, which Harper is now serving.

The trial court was free to commit Harper to the Department of Corrections and not the Montana State Prison, even though the sentence being revoked was a prison sentence. This placement constitutes a "lesser" sentence allowed for by

Montana Code Annotated § 46-18-203(7) (c). By recommending Harper be placed at a pre-release center, discussed *supra*, the trial court likely hoped Harper would obtain some treatment and/or services that would not be available to him at the prison. The fact that the Department placed him back at Montana State Prison, however, does not create a valid claim for Harper.

Even if this Court accepted Harper's reliance on Montana Code Annotated § 46-18-201(3) (A), neither the 2012 revocation nor the 2014 revocation run afoul of this statute. Harper's 2012 sentence was for ten years to the Department with five of the years suspended, and his 2014 sentence was for a five-year commitment to the Department. Harper has not made a showing that the passage or application of these statutes has "retroactively alter[ed] the definition of crimes or increase[d] the punishment for [his] criminal acts." *Calif. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995) (quoting *Collins v. Youngblood*, 497 U.S. 37, 41 (1991)). This claim should be denied for lack of merit.

### F. Claim 7

Harper claims that his conviction should be vacated because a judge, not a grand jury, found probable cause against him. Harper supports his petition with a "Motion to Vacate Conviction and Dismiss Charges" attached to his petition. (Doc. 1-1). As set forth above, the Montana Supreme Court found no merit to this argument. The Court specifically noted that the procedure followed in Harper's

14

case, a trial court judge granting leave to file an information after a finding of probable cause, is provided for by statute. *Harper v. Kirkegard*, No. OP 15-0144, Order at 3 (Mont. March 17, 2015). The Court found no impropriety on the part of the trial court and concluded that Harper had been convicted "under a lawful process." *Id*.

    The Montana Constitution provides:

(1) Criminal offenses within the jurisdiction of any court inferior to the district court shall be prosecuted by complaint. All criminal actions in district court, except those on appeal, shall be prosecuted either by information, after examination and commitment by a magistrate or after leave granted by the court, or by indictment without such examination, commitment or leave.

(2) A grand jury shall consist of eleven persons, of whom eight must concur to find an indictment. A grand jury shall be drawn and summoned only at the discretion and order of the district judge.

Art. II, sec. 20. The Constitution provides three mechanisms by which felony criminal prosecutions may be initiated: by the filing of an information after examination by a magistrate, by filing an information with a grant of leave from the court, or by a grand jury indictment. Not only is this procedure constitutionally sound, it has been codified into statute:

    A prosecution may be commenced by:

    (1) a complaint;

    (2) an information following a preliminary examination or waiver of a preliminary examination;

(3) an information after leave of court has been granted; or

(4) an indictment upon a finding by a grand jury.

Mont. Code Ann. § 46-11-101. Additionally, Montana Code Annotated § 46-11-201 provides the exact procedure by which a prosecutor is to apply for permission to file an information.

As set forth above, the State initiated charges against Harper by information after trial court had granted the State leave to file the charges. Contrary to Harper's assertions, both the Montana Constitution and the relevant statutes allow a criminal prosecution to occur in exactly this manner.

Furthermore, the cases that Harper believes support his argument are either inapposite, inapplicable, or both. For example, Harper seems to rely on *Gerstein v. Pugh*, 420 U.S. 103 (1975), for his belief that for the charges to be lawful, he only could have been indicted by a grand jury. *See e.g.* (Doc. 1-1 at 3). In *Gerstein*, however, the Supreme Court held that the Fourth Amendment requires prompt judicial determination of probable case as a prerequisite to extended detention following a warrantless arrest. The Court specifically noted that a judicial probable cause hearing is not a prerequisite to prosecution by information as "the Constitution does not require an adversary determination of probable cause…[t]here is no single preferred pretrial procedure, and the nature of the probable cause determination usually will be shaped to accord with a State's

pretrial procedure viewed as a whole." *Gerstein*, 420 U.S. 103, 123 (1975). *Gerstein* does not stand for the principle Harper believes it does. Likewise, Harper's reliance upon *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *State v. Lone Elk*, 326 Mont. 214 (2005), is equally misplaced. In short, this claim is frivolous and should be denied.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Harper has not made a substantial showing that he was deprived of a constitutional right. There are no close questions, and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Harper's petition (Doc. 1) should be DISMISSED with prejudice.

2. Claims 1, 2, 3, and 4 should be DISMISSED for lack of jurisdiction. Claim 5 should be DENIED for lack of merit. The first part of Claim 6 pertaining to untimely receipt of the written judgment should be DISMISSED for lack of jurisdiction. The second part of Claim 6 should be DENIED for lack of merit. Claim 7 should be DENIED for lack of merit.

3. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

4. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Harper may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Harper must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

DATED this 22nd day of September, 2015.

                                                /s/ John t. Johnston_____
                                                John T. Johnston
                                                United States Magistrate Judge